# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No.: 1:22-cv-23122

ADOLFO RAUL RASSI,
An Individual,

    Plaintiff,

v.

POTAMKIN HYUNDAI, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, brings this action against POTAMKIN HYUNDAI, INC., a Florida corporation, under the Consumer Leasing Act ("CLA"), 15 U.S.C. §1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4. Defendant is a Florida limited liability corporation with principal offices in Miami-Dade County, FL.

## FACTUAL ALLEGATIONS

5. In December of 2018, Defendant leased a new 2019 HYUNDAI TUCSON ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle from us at the scheduled end of the Lease Term, AS IS, WHERE IS, from us or a party we designate […] for the Residual Value on line 7D above ("Purchase Price") plus a Purchase Option Fee of $0.00. You are also responsible for any official fees, such as those for taxes, tags licenses and registration." *Id*. ¶ 9, " *PURCHASE OPTION AT END OF LEASE TERM"*.

8. Line 7D of the lease indicates the residual value of the Vehicle to be $16,775.10 making the total buyout amount to be $16,775.10.

9. At the end of the lease term, Plaintiff contacted HYUNDAI FINANCE

("Hyundai"), which was assigned the Lease, and asked about the process to buy the Vehicle.

10. Hyundai directed Plaintiff to buy the Vehicle through Defendant.

11. In December 2021, Plaintiff visited Defendant to exercise the purchase option.

12. To buy the Vehicle, Defendant charged Plaintiff a $1,088.50 "Predelivery Service Charge;" and a $49.50 "Electronic Registration Filing Fee."

13. These fees were never disclosed in the Lease. These fees are not official fees.

14. Plaintiff was charged $1,138 more than the purchase option price in the Lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

15. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

16. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

17. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

18. Defendant is a large car dealership that has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than

five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

19. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

20. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

21. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

22. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

23. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of the $1,088.50 "Predelivery Service Charge;" and a $49.50 "Electronic Registration Filing Fee" were required to exercise the purchase option at the end of the lease.

24. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $1,138 more than the purchase option price was required to exercise the purchase option at the end of the lease.

25. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

26. These omissions were material to Plaintiff's decision to enter into the

Lease, and Plaintiff detrimentally relied on these material omissions.

27. Plaintiff suffered financial loss in that Plaintiff paid $1,141 more than what the Lease required to buy the Vehicle.

28. Had Defendant provided a accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

29. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

30. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@JFeyginesq.com
JOSHUA FEYGIN, PLLC
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
Counsel for Plaintiff
